C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
JAMES PRATT,                                                   :    **MEMORANDUM**
                                                               :    **DECISION AND ORDER**
                           Plaintiff,                          :
                                                               :    13 Civ. 5578 (BMC)
            - against -                                        :
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
                           Defendant.                          :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner *pro se* seeks a writ of habeas corpus under 28 U.S.C. § 2255, vacating his sentence to, among other things, 51 months' custody, following his guilty plea without a plea agreement to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He contends that under Alleyne v. United States, 133 S.Ct. 2151 (2013), his sentencing guideline range was improperly calculated. His theory appears to be that his offense level was improperly increased by my finding that the offense involved a semi-automatic firearm capable of accepting a large capacity magazine. U.S.S.G. §2K2.1(a)(3). Petitioner argues that those facts, taken without objection from the Presentence Investigation Report, were not found by a jury, and thus the procedure violated Alleyne. Petitioner further contends that Alleyne should be applied retroactively, and that his appellate counsel was ineffective because he should have raised

Alleyne on appeal, and instead filed for and was granted leave to withdraw under Anders v. California, 386 U.S. 738 (1967).[1]

There are several reasons why petitioner's argument fails.  Primarily, Alleyne does not apply to petitioner's situation.  It merely held that when a finding of fact would increase a defendant's mandatory minimum sentence, that fact cannot be determined through judicial fact-finding.  Here, the only increase by virtue of the nature of the weapon was in petitioner's guideline range, not his statutory sentencing range.  As every court that has considered the issue has held, Alleyne does not require jury determination of such issues.  See, e.g., United States v. Hilson, __ F. App'x ___ , 2013 WL 4766848 (2d Cir. 2013) (citing United States v. McLeod, 251 F.3d 78, 82 (2d Cir. 2001)); accord In re Payne, __ F.3d __, 2013 WL 5200425, at *2 n.1 (10th Cir. 2013); United States v. Hernandez, __ F.3d __, 2013 WL 4804323 (7th Cir. 2013); United States v. Williams, __ F. App'x __, 2013 WL 4007935 (4th Cir. 2013); United States v. Johnson, __ F.3d __, 2013 WL 5509152 (6th Cir. 2013); see also United States v. Garcia, 240 F.3d 180, 183-84 (2d Cir. 2001).

Second, Alleyne should not be retroactively applied on collateral review.  It meets none of the tests for retroactive application.  It neither decriminalizes the conduct of which petitioner was convicted, nor does it restrict the punishment of defendants who committed that conduct, nor is it a "watershed rule of criminal procedure."  See Rose v. United States, No. 13 Civ. 5885, 2013 WL 5303237, at *3 (S.D.N.Y. Sept. 20, 2013) (citing United States v. Mandanici, 205 F.3d 519, 525 (2d Cir. 2000)).

---

[1] It appears that the decision in Alleyne came down on the same day that petitioner's appellate counsel filed his Anders motion and appendix.  I will assume that the counsel could have withdrawn his Anders application in light of Alleyne.

Finally, petitioner never raised this claim prior to his sentencing or even on direct appeal. He faults his appellate counsel for filing an Anders motion instead of raising this issue, but his appellate counsel could not have been objectively unreasonable in not raising it since petitioner had not raised the claim at sentencing. Thus, the claim would have been subject to a "plain error" review, which it could not have survived for the reasons set forth above. For the same reason, petitioner did not suffer any prejudice as a result of his counsel's Anders motion. See generally Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052 (1984).

The petition is therefore denied. The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this decision and order would not be taken in good faith. The Clerk is directed to enter judgment dismissing the case.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 18, 2013